UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DERMANSKY,<br><br>    Plaintiff,<br><br>v.<br><br>THE YOUNG TURKS, INC.,<br><br>    Defendant. | Case No. 2:23-cv-05868-SB-SK<br><br><br>CASE MANAGEMENT ORDER |

### **PLEASE READ THIS ORDER (AND ATTACHMENT) CAREFULLY**

The complaint was filed on March 17, 2022 in Delaware; Defendant filed a motion to dismiss on May 16, 2022. The matter was transferred to this Court on July 20, 2023.

The Court has reviewed the Joint Rule 26(f) Report and sets the pretrial and trial dates noted in the table below based on an evaluation of the complexity of the case. The deadlines below will *not* be continued absent *a timely showing of good cause*. *Good cause* requires a specific, detailed, timely, and non-conclusory showing of diligence from the outset of the case, describing: (i) all relevant work previously done (including when each item was completed), (ii) all relevant work that remains to be done, (iii) why the remaining work could not previously have been done (including efforts made to complete each remaining item), and (iv) why the amount of time requested is needed to complete the remaining work. *The Attachment to this Order* describes the requirements in more detail, and failure to comply with them will result in denial of the request with prejudice.

1

| | |
|---|---|
| **Trial**   ☐ Court  ☒ Jury   (Mon., 8:30 a.m.) | March 25, 2024 |
| **Pretrial Conference**   (Fri., 10:00 a.m.) (including hearing on motions in limine) | March 15, 2024 |
| **Motion to Amend Pleadings/Add Parties**   **(**Hearing Deadline) | October 20, 2023 |
| **Discovery Deadline – Nonexpert** | January 12, 2024 |
| **Discovery Deadline – Expert** | January 12, 2024 |
|   Initial Expert Disclosure | November 13, 2023 |
|   Rebuttal Expert Disclosure | November 20, 2023 |
| **Discovery Motion Hearing Deadline** | January 19, 2024 |
| **Non-Discovery Motion Hearing Deadline** | January 19, 2024 |
| **Settlement Conference Deadline** ☒  1. Mag. J.  ☐  2. Panel  ☐  3. Private | February 2, 2024 |
| **Post-Settlement Status Conf.**  (Fri., 8:30 a.m.): | February 16, 2024 |
| Status Report Due (7 days before *by 9:00 a.m.*): | February 9, 2024 |
| **Trial Filings (First Set) Deadline** | February 23, 2024 |
| **Trial Filings (Second Set) Deadline** | March 1, 2024 |

All motion deadlines reflect *the last day when a motion may be heard*, and a hearing must be set on *an open hearing date*. Consult the Court's website before scheduling a hearing to determine availability. A party that waits until the last day to have a motion heard on a date that turns out to be unavailable risks having the motion stricken and not heard.

The parties should plan to complete discovery far enough in advance of the discovery deadline to allow for the filing of a discovery motion if necessary and for completion of the discovery allowed if relief is granted. Delaying discovery (e.g., a deposition) until receiving other discovery (e.g., written discovery)—or deciding not to conduct a deposition remotely—generally does not constitute good cause to continue the discovery or other deadlines. The parties should take this risk into account when deciding whether to engage in strategic ordering of discovery or to conduct in-person depositions.

The parties, their counsel, and their witnesses should be prepared to trail for up to 30 days from the trial date if needed.

**cc: ADR**

Date: August 25, 2023

_____
Stanley Blumenfeld, Jr.
United States District Judge

## ATTACHMENT

The parties should prepare this case without expecting an extension of any pretrial or trial deadline, even if the extension request is by stipulation. The Court applies the same standard of good cause for all requests (whether opposed or unopposed).

A continuance will be granted only for good cause as defined in the Order above. The showing shall be placed in a table in chronological order and shall include *all* discovery and significant procedural events from the outset of the case in the format illustrated below.

| **Completed Work** | | | |
|---|---|---|---|
| **Date** | **Pty** | **Event** | **Explanation** |
| __/__/__ | Π | Complaint | |
| __/__/__ | Δ | Answer | |
| __/__/__ | Π | Initial Disclosures | |
| __/__/__ | Δ | Initial Disclosures | |
| __/__/__ | Π | Interrog., RFPs, RFAs (Set #1)[1] | |
| __/__/__ | Δ | Interrog., RFPs, RFAs (Set #1) | |
| __/__/__ | Π | Smith Depo | |
| **Remaining Work[2]** | | | |
| __/__/__ | Π | Jones Depo | Detail: (1) why it was not already done; (2) prior efforts to complete it; and (3) why the amount of time requested is necessary. |

The requesting party/parties also must submit a proposed order *in Word format* using the exact "CMO Continuance Order template" provided on the Court's website.

***Failure to comply with the above requirements will result in the denial of the request with prejudice.***

---

[1] Each discovery item (e.g., RFAs) must be separately listed *unless* they all occurred on the same date.

[2] Each remaining discovery item must be listed separately with a proposed date for completion in the first column, the party taking the discovery in the second column, a description of the discovery in the third column, and an explanation in the fourth column of (1) why the discovery was not already done, (2) the prior efforts to complete it, and (3) why the amount of time requested is necessary.