Leichtman Law PLLC
David Leichtman (admitted *pro hac vice*)
Shane Wax (admitted *pro hac vice*)
185 Madison Avenue, 15th Floor
New York, New York 10016
(212) 419-5210
dleichtman@leichtmanlaw.com
swax@leichtmanlaw.com

Godwin LLP
Harold McDougall IV
12021 Wilshire Blvd. #538
Los Angeles, CA 90025
(424) 704-5647
harold@godwinllp.biz

*Attorneys for Plaintiff Julie Dermansky*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JULIE DERMANSKY,<br><br>Plaintiffs,<br><br>v.<br><br>THE YOUNG TURKS, INC.,<br><br>Defendants. | Case No. 2:23-cv-05868-SB-SK<br><br>**REQUEST TO CONTINUE PRE-TRIAL CONFERNECE AND TRIAL DATE IN THE CASE MANAGEMENT ORDER**<br><br>Orig. Compl.:      3/17/22<br>Orig. Resp. Pldg.:   9/11/23 |

REQUEST TO CONTINUE PRE-TRIAL CONFERENCE AND TRIAL DATE

1

Plaintiff Julie Dermansky ("Plaintiff" or "Dermansky"), by and through her undersigned counsel, respectfully submits this request to continue the final pre-trial conference and the trial date in the case management order due to pre-existing scheduling conflicts of counsel. This Request is being filed in response to the Court's August 25, 2023 Case Management Order (Dkt. 69) per the guidelines outlined in the Mandatory Scheduling Conference Order filed on July 26, 2023 (Dkt. 44).

## I.   Good Cause and Diligence

Thus far in this matter, the Parties have met all court-ordered deadlines and followed the discovery schedule set forth in the Scheduling Order.

### A.   Procedural Posture and Work Done to Date

This case was initially filed on March 17, 2022 in the United States District Court for the District of Delaware. (Dkt. No. 1). On May 15, 2022, Defendants filed a motion to partially dismiss the Complaint and to transfer venue (the "Transfer Motion"). (Dkt. Nos. 10-13). Plaintiff opposed this motion on June 7, 2022, and Defendants submitted a supporting reply brief on June 21, 2022. (Dkt. Nos. 19-21). The Delaware District Court stayed discovery pending a ruling on the motion. (*See* Dkt. Nos. 34 & 37). On July 5, 2023, the Delaware District Court granted the Transfer Motion, while denying, without prejudice, that branch of the Transfer Motion which sought partial dismissal of the Complaint. (Dkt. No. 41).

On or about July 20, 2023, this action was formally transferred to the Central District of California. (Dkt. No. 42). On August 25, 2023, the Mandatory Scheduling Conference was held, and the Court directed Plaintiff to re-file its First Amended Complaint (previously filed as a proposed pleading at Dkt. No. 62-1) into the record on or before August 31, 2023. (*See* Dkt. No. 68). Also on August 25th, following the Conference, the Court entered a Case Management Plan, which included a final pre-trial conference date of March 15, 2024 and a trial date of March 25, 2024. (Dkt. No. 69). On August 30, 2023, Plaintiff filed its First Amended Complaint (Dkt. No. 72), the response to which is now due on September 11, 2023.

Plaintiff now respectfully requests, that the final pre-trial conference date and the trial date be moved for good cause, and in accordance with the Court's Standing Order, makes this request as promptly and diligently as practicable.

**B.    Work Remaining to Be Done And Why It Could Not Be Done Earlier**

As noted above, this action is still at the pleading stage as Plaintiff timely filed its First Amended Complaint on August 30, 2023, and as of the date of this motion, Defendant's time to respond under Fed. R. Civ. P. 12 has not yet passed.  Furthermore, the Delaware District Court granted the Defendant's request to stay discovery during the pendency of Defendant's Transfer Motion. (*See* Dkt. Nos. 34 & 37).  Therefore, as explained at the Mandatory Scheduling Conference, no discovery has taken place yet (other than the exchange of Rule 26 initial disclosures), and thus no discovery could be taken.

The Parties remain committed to complying with the Court's deadlines for discovery in the Case Management Plan, including depositions and expert discovery. Plaintiff defers to the judgment of the Court whether or not discovery deadlines or pre-trial order submissions should be continued together with the pre-trial conference date and the trial date.

**C.    Why Additional Time is Needed**

Good cause exists for a continuance.  Plaintiff's counsel has previously scheduled obligations that conflict with the Court's scheduled trial date.  This Court defines good cause as requiring a specific, detailed, and non-conclusory showing of diligence from the outset of the case. (Dkt. 44, at 8).  This Request is timely as the scheduling conflicts are being brought to the Court's attention more than six (6) months in advance of the dates at issue and within a short period of receiving the Court's order.

## II. Dates at Issue

### a. Final Pre-Trial Conference and Trial Dates

The current trial start date in this matter is set for March 25, 2024.[1] Plaintiff's undersigned lead counsel, David Leichtman (and associate Shane Wax), and Plaintiff's undersigned local counsel, Harold McDougall IV, are scheduled to begin a separate jury trial in a matter pending before Judge Gee in the Central District of California on March 26, 2024. (*See* Ex. A, attached hereto, Scheduling Order for 2:22-cv-08688-DMG-PD). This jury trial is estimated to last five (5) to seven (7) days, and would thus conclude on April 2, 2024, which would overlap with the trial date in this case set to commence on March 25, 2024. As a result, Plaintiff requests that the Court continue the trial date to a date on or after April 15, 2024 at the Court's first available opening thereafter, which would allow for the final pre-trial conference date to occur on or after April 3, 2024 and a ten (10) day period between the final pre-trial conference and the trial.

Per this Court's Mandatory Scheduling Conference Order, this document is being delivered to Judge Blumenfeld's Chambers email along with a proposed order, both in Microsoft Word format. Additionally, both the Proposed Order and Request for Continuance will be filed on the docket.

While it is possible that the dates in the other action will be adjourned or the other case will be resolved before trial, based on the current scheduling order, this continuance will eliminate any preexisting scheduling conflicts. No further amendment or alteration of any other deadline is sought herein, and this is the first request to adjourn

---

[1] The current pretrial conference date assigned by the Court is March 15, 2024. Plaintiff's undersigned lead counsel, David Leichtman (and associate Shane Wax), have had a jury trial that was scheduled to begin March 11, 2024 in a matter pending before the Western District of Louisiana that is estimated to take five (5) days, which would overlap with the final pre-trial conference in this case currently set for March 15, 2024. However, the Court in that case has indicated that trial date is going to be adjourned. Nevertheless, Plaintiff requests that the Court continue the final pretrial conference date to a date on or after April 3, 2024 at the Court's first available opening thereafter as a result of the trial scheduled in the case referenced below.

REQUEST TO CONTINUE PRE-TRIAL CONFERENCE AND TRIAL DATE

4

deadlines in the case. For the reasons stated, Plaintiff respectfully requests an order continuing the final pre-trial conference and trial dates in the case management order granting the above requested relief. We have conferred with counsel for Defendant and they do not oppose this request, and they have advised they are available in April and May, 2024 other than the last week of May.

Respectfully submitted,

Dated: September 6, 2023

*David Leichtman*

———————————————————
Leichtman Law PLLC
David Leichtman (admitted *pro hac vice*)
Shane Wax (admitted *pro hac vice*)
185 Madison Avenue, 15th Floor
New York, New York 10016
(212) 419-5210
dleichtman@leichtmanlaw.com
swax@leichtmanlaw.com

Godwin LLP
Harold McDougall IV
12021 Wilshire Blvd. #538
Los Angeles, CA 90025
(424) 704-5647
harold@godwinllp.biz

*Attorneys for Plaintiff Julie Dermansky*

REQUEST TO CONTINUE PRE-TRIAL CONFERENCE AND TRIAL DATE

5