BRADLEY J. MULLINS (SBN 274219)
  bym@msk.com
ALEXANDRA ANFUSO (SBN 333440)
  ala@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

Attorneys for Defendant
The Young Turks, Inc.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| JULIE DERMANSKY,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>THE YOUNG TURKS, INC.,<br><br>　　　　Defendant. | CASE NO. 2:23-cv-05868-SB-SK<br><br>Hon. Stanley Blumenfeld, Jr.<br><br>**DEFENDANT THE YOUNG TURKS, INC.'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**<br><br>Date:　　　October 13, 2023<br>Time:　　　8:30 a.m.<br>Courtroom:　6C (350 W. 1st Street)<br><br>Complaint filed: March 17, 2022<br>FAC filed: August 28, 2023<br>Trial date: March 25, 2024 |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that on October 13, 2023 at 8:30 a.m. in Courtroom 6C of the above-titled Court, located at 350 West 1st Street, Los Angeles, California 90012, Defendant The Young Turks, Inc. ("TYT") will and hereby respectfully move this Court to partially dismiss Plaintiff's First Amended Complaint ("FAC").

This motion is made pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that: (i) the FAC fails to state a claim as to copyright infringement of the EPA Video, because the face of the FAC establishes the claim is barred by the statute of limitations; (ii) the FAC fails to state a claim of contributory infringement, because Plaintiff failed to identify any instances of direct infringement; (iii) the FAC fails to plausibly allege a violation of the DMCA § 1202(b) as to the Josh Fox Video, because TYT included clear and conspicuous attribution to Plaintiff; and (iv) the FAC fails to plausibly allege a violation of the DMCA § 1202(a) because the face of the FAC establishes that TYT did not provide falsified CMI.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which was made via videoconference on August 3, 2023.

This motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, and any such other evidence and argument as may be introduced at the time of the hearing.

DATED: September 11, 2023          MITCHELL SILBERBERG & KNUPP LLP

                                   By: /s/ Bradley J. Mullins
                                       Bradley J. Mullins
                                       Alexandra Anfuso
                                       Attorneys for Defendant
                                       The Young Turks, Inc.

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF FACTS .....................................................................................2

III. PLAINTIFF'S CLAIMS ARISING OUT OF THE EPA VIDEO, AND PLAINTIFF'S DMCA CLAIMS, SHOULD BE DISMISSED ......................3

    A. The Standard of Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)..........3

    B. Plaintiff's Claims Are Untimely as to the EPA Video ..........................4

    C. Plaintiff Fails to Allege the Necessary Facts to Maintain Her Contributory Infringement Claim ...........................................................6

    D. Plaintiff Fails to Allege the Necessary Facts to Establish a Violation of § 1202(b) with Respect to the Josh Fox Video ................8

    E. Plaintiff Fails to Allege the Necessary Facts to Establish a Violation of § 1202(a)...........................................................................10

IV. CONCLUSION ....................................................................................................12

CERTIFICATION …………………………………………………………….  13

CERTIFICATE OF COMPLIANCE …………………………………………  14

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Alexis v. Fed. Bureau of Invest.*,
  698 Fed. App'x 507 (9th Cir. 2017) .................................................................................... 4

*AppSoft Dev., Inc. v. Diers, Inc.*,
  2014 WL 3893316 (M.D. Fla. Aug. 8, 2014) ...................................................................... 9

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009) ................................................................................... 3, 4, 8, 10, 11

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007) .......................................................................................................... 4

*Blazheiev v. Ubisoft Toronto Inc.*,
  2018 WL 5304824 (N.D. Cal. Oct. 24, 2018) .................................................................... 4

*Crowley v. Jones*,
  608 F. Supp. 3d 78 (S.D.N.Y. 2022) ................................................................................ 11

*Goldberg v. Cameron*,
  2009 WL 2051370 (N.D. Cal. July 10, 2009) ................................................................ 5, 7

*Harrington v. Pinterest, Inc.*,
  2022 WL 4348460 (N.D. Cal. Sept. 19, 2022) ................................................................. 10

*Jablon v. Dean Witter & Co.*,
  614 F.2d 677 (9th Cir. 1980) ............................................................................................ 4

*Luvdarts, LLC v. AT & T Mobility, LLC*,
  710 F.3d 1068 (9th Cir. 2013) .......................................................................................... 7

*Masck v. Sports Illustrated*,
  2014 WL 12658971 (E.D. Mich. Mar. 10, 2014) .............................................................. 9

*Michael Grecco Prods., Inc. v. Time USA, LLC*,
  2021 WL 3192543 (S.D.N.Y. July 27, 2021) .................................................................. 11

*Mills v. Netflix, Inc.*,
  2020 WL 548558 (C.D. Cal. Feb. 3, 2020) ............................................................ 4, 8, 9, 10

# TABLE OF AUTHORITIES
### (continued)

**Page(s)**

*Morgan v. Associated Press*,
   2016 WL 6953433 (C.D. Cal. Mar. 16, 2016) ...................................................... 9

*Oracle Am., Inc. v. Hewlet Packard Ent. Co.*,
   971 F.3d 1042 (9th Cir. 2020) ............................................................................. 5

*Panoramic Stock Images, Ltd. v. Pearson Educ., Inc.*,
   2013 WL 2357586 (N.D. Ill. May 29, 2013) ....................................................... 7

*Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*,
   494 F.3d 788 (9th Cir. 2007) ............................................................................... 7

*Personal Keepsakes, Inc. v. Personalizationmail.com, Inc.*,
   975 F.Supp. 2d 920 (N.D. Ill., 2013) ................................................................. 11

*Roley v. New World Pictures, Ltd.*,
   19 F.3d 479 (9th Cir. 1994) ................................................................................. 6

*Shepard v. Wo Hop City, Inc.*,
   2021 WL 4267527 (S.D.N.Y. Sept. 20, 2021) ..................................................... 8

*Stevens v. Corelogic, Inc.*,
   899 F.3d 666 (9th Cir. 2018) ............................................................................... 8

*Tarantino v. Gawker Media, LLC*,
   2014 WL 2434647 (C.D. Cal. Apr. 22, 2014) .................................................. 4, 7

*Wolf v. Travolta*,
   167 F. Supp. 3d 1077 (C.D. Cal. 2016) ............................................................... 6

**STATUTES**

17 U.S.C.
   § 106 .................................................................................................................... 6
   § 507(b) ................................................................................................................ 4
   § 1202 .................................................................................................................. 9
   § 1202(a) ........................................................................................ 2, 3, 10, 11, 12
   § 1202(a)(B) ........................................................................................................ 3
   § 1202(b) ..................................................................................... 1, 2, 3, 8, 9, 10, 12

# TABLE OF AUTHORITIES

**Page(s)**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 12(b)(6) ................................................................................... 3, 4, 12

## I. INTRODUCTION

Plaintiff Julie Dermansky ("Plaintiff") accuses Defendant The Young Turks, Inc. ("TYT") of committing a multitude of copyright infringements based on years-old claims, and without regard to the merit of her contentions or the circumstances surrounding the photographs or videos at issue. Indeed, Plaintiff's operative First Amended Complaint (Dkt. 62-1, the "FAC") on its face belies the bulk of her claims.

First, Plaintiff alleges a copyright infringement claim, a contributory infringement claim, and violations of the Digital Millennium Copyright Act ("DMCA") based on a thumbnail image allegedly associated with a video published to TYT's YouTube channel on May 27, 2017, titled "The EPA Asked People What Regulations To Cut, Here's Their Response" (the "EPA Video"). But, Plaintiff's Exhibit J, attached to the FAC and incorporated therein by reference, demonstrates that she discovered the allegedly infringing use, at latest, in early 2018 – over four years before filing suit. All of Plaintiff's claims arising out of the EPA Video are thus outside of the Copyright Act's three-year statute of limitations, and must fail.

Second, Plaintiff's contributory copyright infringement claim (which relates only to the EPA Video) fails for the additional and independent reason that the FAC does not identify any instance of direct infringement to support a claim for contributory infringement, as is required.

Third, Plaintiff asserts claims pursuant to § 1202(b), arising out of a second video titled "Staying Home with Josh Fox" (the "Josh Fox Video" and collectively with the EPA Video, the "Videos"), based on the allegation that TYT removed her watermark from her photographs. Again, Plaintiff's own exhibits invalidate her claims: the screenshots attached to her FAC clearly demonstrate that TYT included a large, conspicuous attribution to Plaintiff immediately below the photographs at issue, contradicting any allegation that her copyright management information

("CMI") was intentionally altered, removed, or falsified with the intent required to establish a violation of § 1202(b).

Fourth, Plaintiff asserts a claim as to both Videos pursuant to § 1202(a), alleging that TYT published her photographs with falsified copyright management information. Here again, Plaintiff's FAC undermines her claims: the exhibits to the FAC demonstrate that the Videos were not published with falsified CMI. Regardless, however, the Videos are distinct works from Plaintiff's photographs, and were created by, and belong to, TYT. To the extent that TYT added or included its own CMI in connection with the Videos, it was entitled to do so. These claims also fail.

For the reasons set forth in more detail below, TYT respectfully requests that the Court dismiss Plaintiff's claims arising out of the EPA Video, dismiss Plaintiff's § 1202(b) claims arising out of the Josh Fox Video, and dismiss Plaintiff's § 1202(a) claims as to both Videos.

## II. STATEMENT OF FACTS

Plaintiff claims to be a "professional commercial photographer" who provides "journalistic photography services to clients" and licenses her photographs for various uses. FAC ¶ 7. At issue are five photographs that Plaintiff alleges she shot and subsequently registered with the Copyright Office, between 2017 and 2020. *Id*. ¶¶ 8-16.

Plaintiff asserts four claims based on TYT's alleged use of Plaintiff's photographs in its Videos. In the first instance, Plaintiff alleges that she shot a "photograph depicting an environment protestor at a rally" (the "EPA Photograph") (FAC ¶ 8) and that TYT published a copy of this photograph on its YouTube channel in association with the EPA Video. *Id*. ¶ 20. Plaintiff also alleges that TYT published copies of four of her photographs – the "Pipeline Photograph", the "Entergy Photograph", the "Rolfes Photograph", and the "Nurdles Photograph"

(collectively with the EPA Photograph, the "Photographs") – on its YouTube channel in association with the Josh Fox Video. *Id*. ¶¶ 34, 44, 55, 66.

Plaintiff further alleges upon information and belief that TYT "directed, encouraged or otherwise knowingly contributed to the distribution of the EPA Video and display of the EPA Photograph by third parties." *Id*. ¶ 23. Plaintiff does not identify *what* third parties may have distributed the EPA Video or displayed the EPA Photograph, nor does she identify any such third party infringement at all.

Finally, Plaintiff alleges that her licensee, DeSmogBlog, published each of the Photographs, which included "Plaintiff's watermark, which contains a copyright notice." *Id*. ¶¶ 17, 31, 42, 52, 63. On information and belief, Plaintiff alleges that TYT sourced the Photographs from DeSmogBlog.com. *Id*. ¶¶ 24, 35, 45, 56, 67. Based on this, Plaintiff alleges that TYT violated § 1202(b) of the DMCA because its "publication of the Photographs, in association with the Videos, was without the foregoing CMI." *Id*. ¶ 101. Plaintiff further alleges that TYT violated § 1202(a)[1] of the DMCA by conveying TYT's own "trade name, trademark(s), logo(s) and/or copyright notice(s)" in connection with the Photographs. *Id*. ¶¶ 29, 40, 50, 61, 72.

### III. PLAINTIFF'S CLAIMS ARISING OUT OF THE EPA VIDEO, AND PLAINTIFF'S DMCA CLAIMS, SHOULD BE DISMISSED

#### A. The Standard of Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6)

Under Rule 12(b)(6), a complaint must allege "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). To survive a motion to dismiss, therefore, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S., at 555. An allegation has facial

---

[1] The FAC alleges a violation of § 1202(a)(B), which does not exist. Therefore, TYT assumes for purposes of this motion that Plaintiff intended to allege a violation of § 1202(a), either pursuant to prong (1) or (2).

3
DEFENDANT'S MOTION TO PARTIALLY DISMISS PLAINTIFF'S COMPLAINT

plausibility only "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A complaint's factual allegations should be rejected as implausible in the face of an "obvious alternative explanation." *Id.* at 682. Courts have thus declined to accept factual allegations that, as here, are contrary to "common sense." *Id.* at 679.

In evaluating a motion to dismiss, the Court may consider "exhibits attached to or referenced in the complaint." *Mills v. Netflix, Inc.*, 2020 WL 548558 (C.D. Cal. Feb. 3, 2020).

"If a complaint cannot be cured by additional factual allegations, dismissal without leave to amend is proper." *Mills*, 2020 WL 548558 at *1; *accord Tarantino v. Gawker Media, LLC*, 2014 WL 2434647 at *3 (C.D. Cal. Apr. 22, 2014) ("a Court does not need to grant leave to amend in cases where the Court determines that permitting a plaintiff to amend would be an exercise in futility.").

### B. Plaintiff's Claims Are Untimely as to the EPA Video

A limitations defense may provide a basis for dismissal on a Rule 12(b)(6) motion where the time bar is "apparent on the face of the complaint," or from judicially noticeable documents. *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980); *accord Alexis v. Fed. Bureau of Invest.*, 698 Fed. App'x 507, 508 (9th Cir. 2017) (affirming dismissal where the statute of limitations defense appeared on the face of the complaint).

Plaintiff's copyright infringement (both direct and contributory) and DMCA claims based on the EPA Video are wholly barred by the Copyright Act's statute of limitations. The Copyright Act requires that any civil action be "commenced within three years after the claim accrued." 17 U.S.C. § 507(b); *see also Blazheiev v. Ubisoft Toronto Inc.*, 2018 WL 5304824, at *2 (N.D. Cal. Oct. 24, 2018) (dismissing claim as "time-barred by the three-year statute of limitations applying to copyright infringement and DMCA claims"); *Goldberg v. Cameron*, 2009 WL

2051370 (N.D. Cal. July 10, 2009) (three-year statute of limitations applicable to contributory infringement claim). The discovery rule governs the accrual of civil claims brought under the Copyright Act, which dictates that a claim for copyright infringement "accrues—and the statute of limitations begins to run—when a party discovers, or reasonably should have discovered, the alleged infringement." *Oracle Am., Inc. v. Hewlet Packard Ent. Co.*, 971 F.3d 1042, 1047 (9th Cir. 2020). In other words, Plaintiff has three years from the date of her discovery of the cause of action to bring her claim.

Plaintiff's FAC demonstrates, on its face, that she waited more than three years after discovering the alleged infringement to file this lawsuit. Plaintiff alleges that the EPA Video was posted on May 27, 2017. FAC ¶ 20. (Plaintiff's Exhibit J reflects a posting date of May 19, 2017, but the difference between these dates, however, is immaterial the untimeliness of Plaintiff's claim.) Exhibit J to the FAC includes a handful of screen captures; the fourth photo purport to be screen captures of the video on TYT's YouTube Channel. *Id.*, Ex. J. In one of those screen captures, the EPA Video is highlighted, and just below the title, the time stamp reads "8 months ago":



*Id.* In other words, Plaintiff created the screen capture 8 months after the video was posted, *i.e.*, January 2018. At the very latest, this was the date Plaintiff discovered the alleged infringement. Yet, Plaintiff did not file this lawsuit until March 17, 2022 – over four years later. Plaintiff's claims are thus a year too late.

Plaintiff attempts to salvage her claims by alleging that TYT "monetized the EPA Video and received revenue directly attributable to its use of the EPA Photograph within three years of the commencement of this Action." FAC ¶ 22. But, even if true, that is not the test. Section "507(b) bars recovery of *any damages* for claims that *accrued* prior to" the limitations period. *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) (emphases added). And neither monetizing nor receiving revenue are infringing acts, *i.e.*, they do not constitute a display, distribution, reproduction, public performance, or creation of a derivative work. 17 U.S.C. § 106. And it is well settled that an alleged infringement merely remaining online does not give rise to a separately accruing infringement claim. *See*, *e.g.*, *Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1099 n.13 (C.D. Cal. 2016) ("The fact that the allegedly infringing document—published in 2010, outside the relevant three-year window—*remained* on defendant's website through 2014 does not give rise to a discrete claim accruing within the three-year window."). In other words, simply collecting revenue on a previously-accrued claim does not reset the clock.

Because Plaintiff's claims arising out of the EPA Video accrued, at latest, in January of 2018, they are time-barred and must be dismissed.

### C. Plaintiff Fails to Allege the Necessary Facts to Maintain Her Contributory Infringement Claim

Plaintiff's contributory infringement claim fails for the additional and independent reason that Plaintiff failed to plausibly allege any instances of direct infringement. To maintain a claim for contributory liability, Plaintiff must establish that defendant "(1) has knowledge of a third party's infringing activity, and (2) induces, causes, or materially contributes to the infringing conduct." *Perfect 10, Inc. v. Visa Int'l Serv. Assoc.*, 494 F.3d 788, 795 (9th Cir. 2007).

"The existence of direct infringement is therefore a necessary element of a claim for contributory infringement." *Goldberg*, 2009 WL 2051370 at *6. Indeed,

1  "secondary liability cannot exist in the absence of direct infringement by a third
2  party." *Tarantino*, 2014 WL 2434647 at *3. Therefore, "[a]n allegation that a
3  defendant merely provided the means to accomplish an infringing activity is
4  insufficient to establish a claim for [contributory] copyright infringement." *Id*.
5      Plaintiff alleges only that, "[b]y selecting and using the EPA Photograph as
6  the promotional image for the EPA Video, Defendant contributed to independently
7  infringing acts by third parties." FAC ¶ 89; *see also* FAC ¶ 88 ("Defendant
8  directed, encouraged and otherwise knowingly contributed to the distribution of the
9  EPA Video, with knowledge that the distribution of the EPA Video would result in
10 third parties independently displaying the EPA Photograph"). Plaintiff's
11 allegations of contributory infringement are nothing more than conclusory recitals
12 of the elements – not factual allegations that can support a claim for relief.
13 Critically, "nowhere in these paragraphs or anywhere else in the [FAC] does
14 Plaintiff allege a single act of direct infringement committed by any member of the
15 general public that would support Plaintiff's claim for contributory infringement."
16 *Tarantino*, 2014 WL 2434647 at *4. Instead, Plaintiff merely speculates – on
17 information and belief – that "the EPA Video has been distributed by one or more
18 third parties." *See*, FAC ¶ 90. This is insufficient. *See, e.g.*, *Tarantino*, 2014 Wl
19 2434647 at *5 ("General allegations such as those relied on by Plaintiff are plainly
20 insufficient to state a claim for contributory infringement."); *Luvdarts, LLC v. AT
21 & T Mobility, LLC*, 710 F.3d 1068, 1072 (9th Cir. 2013) (dismissing contributory
22 infringement claim based on conclusory allegations); *Panoramic Stock Images,
23 Ltd. v. Pearson Educ., Inc.*, 2013 WL 2357586, at *3 (N.D. Ill. May 29, 2013)
24 (dismissing complaint that "fail[ed] to identify any third party or publication that
25 allegedly infringed on its copyrights").
26    As Plaintiff has not plausibly alleged any direct infringement by third
27 parties, her contributory infringement claim must be dismissed.
28

### D. Plaintiff Fails to Allege the Necessary Facts to Establish a Violation of § 1202(b) with Respect to the Josh Fox Video

To recover for a violation of § 1202(b) of the DMCA, a plaintiff must prove "the 'double –scienter' requirement that a defendant *both* knew that the CMI had been removed *and* knew or had reasonable grounds to know that the distribution would aid an infringement." *Shepard v. Wo Hop City, Inc.*, 2021 WL 4267527 at *9 (S.D.N.Y. Sept. 20, 2021); *accord Mills*, 2020 WL 548558 at *2 (plaintiff "must plausibly allege that defendant knowingly provided false copyright information *and* that the defendant did so with the intent to induce, enable, facilitate, or conceal an infringement."). In other words, a plaintiff must demonstrate that the defendant "possess[ed] the mental state of knowing, or having a reasonable basis to know, that his actions 'will induce, enable, facilitate, or conceal infringement.'" *Stevens v. Corelogic, Inc.*, 899 F.3d 666, 673 (9th Cir. 2018) (quoting § 1202(b)). This mental state requires "a more specific application than the universal possibility of encouraging infringement; specific allegations as to how identifiable infringements 'will' be affected are necessary." *Mills*, 2020 WL 548558 at *2 ("*Mills*") (quoting *Stevens*, 899 F.3d at 674).

Plaintiff failed to plead sufficient facts to establish the double scienter required for a DMCA claim. Conclusory recitations that TYT "intentionally removed and/or altered Plaintiff's CMI" and "distributed CMI knowing that the CMI had been removed and/or altered" fail to pass the pleading test. *See* FAC ¶¶ 27-28, 38-39, 48-49, 59-60, 70-71; *Iqbal*, 556 U.S. at 678. Courts routinely dismiss DMCA claims where a plaintiff fails to plausibly allege intent. *See, e.g.*, *Morgan v. Associated Press*, 2016 WL 6953433, at *3 (C.D. Cal. Mar. 16, 2016) ("formulaic recitation of the elements of a cause of action, including allegations regarding a defendant's state of mind, are not sufficient" for DMCA claim); *Masck v. Sports Illustrated*, 2014 WL 12658971, at *4 (E.D. Mich. Mar. 10, 2014) (amended complaint futile because it made "only a conclusory allegation with no factual

basis for this Court to plausibly infer actual knowledge under the DMCA"); *AppSoft Dev., Inc. v. Diers, Inc.*, 2014 WL 3893316, at *4 (M.D. Fla. Aug. 8, 2014) (reciting language of Section 1202 and making generalized allegations that defendants have committed the act was insufficient to avoid dismissal). Here, Plaintiff "fails to include 'specific allegations as to how identifiable infringements will be affected' by Defendants' alleged removing or altering of CMI, does not allege a pattern of conduct demonstrating Defendants knew or had reason to know their actions would cause future infringement, and fails to allege non-conclusory facts that Defendants intended to induce infringement by allegedly removing or altering any CMI." *Mills*, at *3 (quoting *Stevens*, 899 F.3d at 674).

Plaintiff's § 1202(b) claim is based on TYT's alleged removal of "Plaintiff's watermark which contains a copyright notice attributing to Plaintiff the authorship of, and ownership of the copyright in" the photographs. FAC ¶¶ 17, 31, 42, 52, 63. Even if this allegation included sufficient facts, the exhibits to the FAC render it implausible.

*Mills*, 2020 WL 548558 is instructive. There, the plaintiff brought claims for copyright infringement and violations of § 1202 based on Netflix's alleged unauthorized use of clips from the plaintiff's copyrighted video in its documentary film. *Id*. at *1. In support of his § 1202 claim, the plaintiff alleged that his video conveyed CMI, "including but not limited to Plaintiff's name as the author" of the clips, which was removed or altered in the documentary. *Id*. at *2. The court dismissed the DMCA claim because "the clips from the YouTube Video included in the Documentary include Plaintiff's name … on the bottom left corner, and Plaintiff's name is listed … in the Documentary's credits." *Id*. at *3. As the court explained, "[t]he inclusion of Plaintiff's name as the source of the clips demonstrates Plaintiff's conclusory allegations upon information and belief that Defendants knew and intended to induce infringement by altering CMI with respect to Plaintiff's name in the Documentary are not plausible." *Id*.; *see also*

*Harrington v. Pinterest, Inc.*, 2022 WL 4348460, at *7 (N.D. Cal. Sept. 19, 2022) (agreeing that defendant's "display of visible CMI on its website refutes, as a matter of law, any inference of unlawful scienter under Section 1202(b).").

The same is true here. Each allegedly infringing use in the Josh Fox Video includes Plaintiff's name prominently featured under the photograph, clearly attributing Plaintiff as the author. *See* FAC Exs. K-N ("Photo by JULIE DERMANSKY"). It is implausible that a party would clearly credit a photographer in conjunction with a photograph in order to facilitate, conceal, or further any sort of infringement. Indeed, as in *Mills*, "[t]he inclusion of Plaintiff's name as the source of the [photographs] demonstrates Plaintiff's conclusory allegations … are not plausible." *Mills*, at *3; *Iqbal*, 556 U.S. at 678-79 (courts may decline to accept allegations that are contrary to "common sense").

### E. Plaintiff Fails to Allege the Necessary Facts to Establish a Violation of § 1202(a)

To state a claim under § 1202(a), Plaintiff must allege that TYT "knowingly and with the intent to induce, enable, facilitate, or conceal infringement" either (1) "provide[d] copyright management information that is false," or (2) "distribute[d] or import[ed] for distribution copyright management information that is false." 17 U.S.C. § 1202(a).

Plaintiff alleges that TYT knowingly provided and distributed false CMI by "providing and distributing its own trade name, trademark(s), logo(s) and/or copyright notice(s) in connection with its uses of the Photographs." FAC ¶ 116; *see also, generally*, *id*., ¶¶ 115-18. However, as a preliminary matter, Plaintiff fails to identify the allegedly false CMI at issue, and examination of the Exhibits attached to Plaintiff's FAC reveals that TYT has not provided or distributed its own name, marks, or notices in connection with the Photographs. *See* FAC, Exs., J-N. Plaintiff's allegations regarding § 1202(a) do not pass the pleading test. *See Iqbal*, 556 U.S. at 678.

Should the Court (and TYT) nonetheless endeavor to credit Plaintiff's bare allegations, the claim would still fail. Plaintiff cannot base her falsification claim on the titles of the Videos, because the Video titles do not include TYT's "trade name, trademark(s), logo(s) and/or copyright notice(s)," as alleged. FAC ¶ 116. As for TYT branding that may exist on its webpages and channels generally, and not in connection with the Videos specifically, this CMI does not appear on the Videos or Photographs themselves, so it cannot support a § 1202(a) claim. *See, e.g.*, *Personal Keepsakes, Inc. v. Personalizationmail.com, Inc.*, 975 F.Supp. 2d 920, 929 (N.D. Ill., 2013) ("Where the only CMI displayed by [defendant] appears on the website's footer, not on the works or images themselves, the only conclusion the Court can reach about the copyright notice at the bottom of [defendant's] website is that it has some intellectual property rights in its own website, not that it is claiming ownership of a copyright to all of its products.").

Moreover, "where an allegedly infringing work is derivative to the original, a defendant does not violate the DMCA by printing his own name on the derivative work, even if the derivative work is an act of infringement." *Crowley v. Jones*, 608 F. Supp. 3d 78, 91 (S.D.N.Y. 2022); *see also Michael Grecco Prods., Inc. v. Time USA, LLC*, 2021 WL 3192543, at *5 (S.D.N.Y. July 27, 2021) ("a party that puts its own CMI on work distinct from work owned by a copyright holder is not liable under Section 1202(a), even if the party's work incorporates the copyright holder's work.").

The FAC consistently describes the Videos as distinct works from the Photographs, as it must. *See e.g.,* FAC ¶¶ 20, 23, 34, 44, 55, 66 (referring to the Videos as the "Josh Fox Video" or the "EPA Video"). Indeed, Plaintiff alleges that the Josh Fox Video incorporates ***four*** of her Photographs; this is not a case of a defendant simply reposting or republishing an image under its own name. The Videos are unquestionably distinct works from the Photographs, so the publication of TYT's "trade name, trademark(s), logo(s) and/or copyright notice(s)" (FAC ¶

116) on the webpages in which the Videos are found does not provide a basis for liability pursuant to § 1202(a).

Finally, as established above, Plaintiff cannot plausibly allege that TYT provided false CMI as to the Josh Fox Video "with the intent to induce, enable, facilitate, or conceal infringement" because TYT included clear, conspicuous attribution to Plaintiff below each Photograph. It is simply not plausible that a defendant would include such blatant attribution if it had an intent to enable or conceal infringement.

## IV. CONCLUSION

For the foregoing reasons, Defendant respectfully requests that Plaintiff's claims arising from the EPA Video, Plaintiff's contributory infringement claim, Plaintiff's claims for removal or alteration of CMI under § 1202(b) arising from the Josh Fox Video, and Plaintiff's claims for falsification of CMI under § 1202(a) as to both Videos, be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

DATED: September 11, 2023      MITCHELL SILBERBERG & KNUPP LLP

By:  /s/ Bradley J. Mullins
     Bradley J. Mullins
     Alexandra Anfuso
     Attorneys for Defendant
     The Young Turks, Inc.

## **CERTIFICATION**

I certify that the parties met by videoconference, thoroughly discussed each and every issue raised in the motion, and attempted in good faith to resolve the motion in whole or in part.

/s/ Bradley J. Mullins
Bradley J. Mullins

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendant The Young Turks, Inc., certifies that this brief contains 3,921 words, which complies with the word limit of L.R. 11-6.1.

/s/ Bradley J. Mullins
Bradley J. Mullins